IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID L. MORRISON,

      Plaintiff,

vs.

CASE NO.: _____

AMWAY CORPORATION, a Delaware
corporation, MAGIC CARPET AVIATION,
INC., a Delaware corporation, RDV SPORTS, INC.,
a Michigan corporation, and HARRY MITCHEL,
individually,

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAVID L. MORRISON ("MORRISON"), by and through his undersigned attorneys, sues and files this Complaint against Defendants, AMWAY CORPORATION ("AMWAY"), MAGIC CARPET AVIATION, INC. ("MAGIC CARPET"), RDV SPORTS, INC. ("RDV"), and HARRY MITCHEL ("MITCHEL") and as grounds therefor would show:

## GENERAL ALLEGATIONS

1.    This is an action for damages that is based upon 29 U.S.C. Section 2615, The Family and Medical Leave Act of 1993. As such, this Court has federal question subject matter jurisdiction over this action

2.    At all times material hereto, MORRISON, has resided in BREVARD COUNTY, Florida, and is a citizen of the State of Florida.

3.     Defendant, AMWAY, is a Delaware corporation, and does business in Florida.

4.     Defendant, RDV, is a Michigan corporation, and does business in Florida.

5.     Defendant, MAGIC CARPET, is a Delaware corporation, and does business in Florida.

6.     MITCHEL is an individual, who at all times material hereto, has resided in Orange County, Florida.

7.     MORRISON has performed all conditions precedent to assert his cause of action or such conditions have been waived or have been excused.

8.     MORRISON has retained the undersigned law firm to prosecute this action and is obligated to pay this firm a reasonable fee for its services.  In the event that MORRISON prevails in the subject litigation, he is entitled to recover his attorneys' fees from AMWAY, RDV, MAGIC CARPET, and/or MITCHEL pursuant to 29 U.S.C. 2617(a)(3), as regards a claim for a violation of The Family and Medical Leave Act.

## COUNT I – VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1992

9.     MORRISON hereby incorporates by reference into this cause of action paragraphs 1 through 8 of this Complaint and Demand for Jury Trial.

10.     This is a cause of action for violation of the Family and Medical Leave Act of 1992.

11.     MORRISON was employed by AMWAY, RDV and/or MAGIC CARPET as a Senior First Officer ("Co-Pilot") from September 1, 1997, to March 24, 2000. MORRISON's job consisted primarily of:

a.     assisting in the operation of the aircraft;

2

b.      checking weather conditions and forecasts;

c.      performing navigational and communication functions in coordination with the aircraft Captain;

d.      making pre-flight and post-flight inspections of the aircraft;

e.      using the aircraft checklist;

f.      maintaining aircraft forms when assigned by the aircraft Captain.

g.      supervising refueling of the aircraft away from its home base;

h.      insuring proper fuel load and distribution prior to the departure of the aircraft;

i.      securing the aircraft at the end of each flight.

j.      ascertaining that the appropriate Jeppesen manuals are current.

12.     As a Co-Pilot for AMWAY, RDV and/or MAGIC CARPET, MORRISON reported directly to MITCHEL, the Director of Aviation.

13.     AMWAY, RDV, and/or MAGIC CARPET constitute MORRISON's employer for all times material to this action, based upon the facts (among others) as set forth below:

a.      AMWAY issued MORRISON an AMWAY "Employee Identification Card," during his employment.   A true and correct copy of such card is attached hereto and incorporated herein as Exhibit "A."

b.      MORRISON participated in the AMWAY Profit Sharing and 401(k) Plan during his employment.

c.  AMWAY issued MORRISON an AMWAY "Employee Handbook" during his employment.

d.  Every year, MORRISON and other AMWAY, RDV, and/or MAGIC CARPET pilots would fly certain AMWAY distributors to various vacation spots as a reward for such distributors' performance.

e.  MORRISON wore an employee badge while flying the AMWAY, RDV, and/or MAGIC CARPET airplane bearing RDV's name with MORRISON's name below that.

f.  RDV listed MORRISON as a member of its staff in its "Staff Directory" in its 1998-99 "Media Guide." A true and correct copy of the pertinent excerpt from the "Media Guide" is attached hereto and incorporated herein as Exhibit "B."

g.  Every year, MORRISON and other pilots of AMWAY, RDV, and/or MAGIC CARPET flew RDV executives to an executive retreat in Ada, Michigan, the location of the AMWAY corporate headquarters.

h.  MAGIC CARPET, as one of its principal purposes, flew the Orlando Magic basketball team, its coaches, and other staff to various cities for National Basketball Association ("NBA") games. RDV is the sole owner of the Orlando Magic.

i.  MAGIC CARPET, when the NBA season was over, flew the Orlando Solar Bears team to various cities for International Hockey League ("IHL") games. RDV is the sole owner of the Orlando Solar Bears.

j.  Bob Vander Weide, the Chief Operating Officer of RDV, has a physical executive office in the MAGIC CARPET hangar.

k.  Every summer MORRISON and other AMWAY, RDV, and/or MAGIC CARPET pilots flew Bob Vander Weide and his family to Michigan for summer relocation.

l.  RDV is the parent company of MAGIC CARPET.

m.  AMWAY, RDV, and/or MAGIC CARPET have caused to be displayed a poster setting forth an employee's rights under the Family and Medical Leave Act in the break room on the premises of MAGIC CARPET.

14.    AMWAY, RDV and/or MAGIC CARPET constituted the joint employer of MORRISON.    Each entity exercised control over MORRISON's work or working conditions. MORRISON's work simultaneously benefited all three employers. AMWAY, RDV, and/or MAGIC CARPET had an arrangement between themselves to share MORRISON's services and/or to interchange MORRISON; AMWAY, RDV, and/or MAGIC CARPET acted directly or indirectly in the interest of AMWAY, RDV, and/or MAGIC CARPET in relation to MORRISON; and/or AMWAY, RDV, and/or MAGIC CARPET were not completely disassociated with respect to MORRISON's employment and shared control of MORRISON, directly or indirectly, because AMWAY, RDV, and/or MAGIC CARPET are under common control.

15.    AMWAY, RDV, and/or MAGIC CARPET constitute an integrated employer in that they are so closely related due to interlocking ownership and control, that AMWAY, RDV, and/or MAGIC CARPET have engaged in a common enterprise.  The three entities have an interrelation of operations, centralized control of labor relations, common management, and/or common ownership or financial control.

16.    AMWAY, RDV, and/or MAGIC CARPET are engaged in interstate commerce and/or in an industry or activity affecting commerce.

17.    During all relevant times to this action, which times include, but are not limited to, the time prior to and during MORRISON's discharge and the time prior to and during MORRISON's requests for a leave of absence, AMWAY, RDV, and/or MAGIC CARPET have employed at least 50 or more employees for each working day during each of 20 or more calendar workweeks in the current and/or preceding year.

5

18.    MITCHEL is also MORRISON's employer for purposes of this cause of action.  MITCHEL, as the Director of Aviation, acted directly or indirectly, in the interest of AMWAY, RDV, and/or MAGIC CARPET.  Additionally, MITCHEL directly exercised control over the decision as to whether to grant MORRISON a leave of absence for his depression.

19.    MORRISON, at each time he requested a leave of absence, was employed by AMWAY, RDV, and/or MAGIC CARPET for at least 12 months.

20.    MORRISON, at each time that he requested a leave of absence, was employed for at least 1,250 hours of service during the previous 12-month period.

21.    AMWAY, RDV, and/or MAGIC CARPET employed at least 50 employees within a 75 mile radius of MORRISON's workplace.

22.    MORRISON has suffered from the serious health condition of depression at all times material to this action.  Such times include, but are not limited to, the time prior to and during MORRISON's discharge and the time prior to and during MORRISON's requests for a leave of absence.  Such depression has made MORRISON unable to perform the functions of his job as Co-Pilot for AMWAY, RDV, and/or MAGIC CARPET.

23.    MORRISON's depression amounted to an illness, injury, impairment, or mental condition involving continuing treatment by a health care provider.  Specifically, MORRISON's depression resulted in a period of incapacity (i.e., inability to work or perform other regular daily activities due to the depression, treatment therefor, or recovery therefrom) of more than three consecutive calendar days, as well as subsequent treatment and a period of incapacity relating to the depression.

6

MORRISON's depression also involved treatment more than two times by a health care provider, by a nurse or physician's assistant under direct supervision of a health care provider, or by a provider of health care services under orders of, or on referral by, a health care provider.   MORRISON's depression also involved treatment by a health care provider on at least one occasion which resulted in a regimen of continuing treatment under the supervision of the health care provider.

24.   Richard Moore, a Licensed Mental Health Counselor within the Amway organization, has treated MORRISON on approximately five (5) occasions for the depression.   Allen Condo, M.D., MORRISON's primary care physician, has treated MORRISON on at least two (2) occasions for the depression. Doris Wolcott, a Licensed Mental Health Counselor, has treated MORRISON on at least four (4) occasions for his depression. Ernest Seiler, M.D., has treated MORRISON on at least four (4) occasions for the depression.

25.   Richard Moore diagnosed MORRISON as suffering from depression in or about November of 1999.

26.   Allen R. Condo, M.D., diagnosed MORRISON as suffering from clinically severe depression in or about March of 2000.

27.   Earnest E. Seiler, III, M.D., diagnosed MORRISON as suffering from a major depressive episode, single, overlying dysthymia in or about July of 2000.

28.   At MORRISON's request, on or about October 25, 1999, MITCHEL met with MORRISON.

29.   At that time, MORRISON, who was under a tremendous amount of emotional strain, specifically explained to MITCHEL that he was experiencing significant personal problems that needed to be resolved.

30.   On or about October 27, 1999, MORRISON again met with MITCHEL and, in writing, specifically requested to be granted permission to take his four (4) accumulated weeks of vacation time to reasonably accommodate him to deal with his depression and emotional problems. MORRISON gave this notice of his requirement for a leave of absence as soon as was practicable under the facts and circumstances of his case. MORRISON made a reasonable effort to schedule the leave so as not to disrupt the employer's operations. MORRISON gave written notice sufficient to make the employer aware the he needed FMLA leave.  AMWAY, RDV, and/or MAGIC CARPET, and MITCHEL utterly failed to inquire further of MORRISON for more information about whether MORRISON was seeking FMLA leave, and about the necessary details of the requested leave.  A true and correct copy of the letter that MORRISON handed to MITCHEL, which MITCHEL read and then returned to MORRISON, is attached hereto and incorporated herein as Exhibit "C."

31.   During the October 27, 1999, meeting, MITCHEL flatly refused to grant MORRISON more than two (2) weeks of that vacation time to deal with the emotional problems and depression.  At that meeting, MITCHEL also referred MORRISON to Richard Moore, a Licensed Mental Health Counselor in the AMWAY Employee Assistance Program, to address his emotional problems.

32.     MORRISON took two (2) weeks of vacation time and, during such time, received therapy from Richard Moore on approximately four (4) occasions for his depression and emotional problems.

33.     Richard Moore, during those two (2) weeks, specifically diagnosed MORRISON as suffering from depression.

34.     MORRISON once again requested a meeting with MITCHEL.   On November 9, 1999, MORRISON attended a meeting with MITCHEL.

35.     MORRISON specifically requested to have the November 9, 1999, meeting in order to request a leave of absence and to determine how such a leave of absence would affect MORRISON's job security.

36.     MORRISON specifically informed MITCHEL at the November 9, 1999, meeting that Richard Moore had been treating him and that Richard Moore had diagnosed him as suffering from depression.

37.     At the November 9, 1999, meeting, MORRISON, once again, clearly and desperately requested that MITCHEL and AMWAY, RDV, and/or MAGIC CARPET grant him a leave of absence to deal with his depression.  In so doing, MORRISON gave as much notice as was practicable under the facts and circumstances of his case. MORRISON made a reasonable effort to schedule the leave so as not to disrupt the employer's operations.  MORRISON gave verbal notice sufficient to make the employer aware the he needed FMLA leave.  AMWAY, RDV, and/or MAGIC CARPET, and MITCHEL utterly failed to inquire further of MORRISON for more information about whether MORRISON was seeking FMLA leave, and about the necessary details of the requested leave.

38.    At the November 9, 1999, meeting, MITCHEL, fully aware of MORRISON's fragile mental condition, callously asked MORRISON if he knew how many depressed pilots were nevertheless flying.

39.    MITCHEL then, flatly refusing MORRISON's specific request for leave of absence, unequivocally told MORRISON that if he took any more time away from his job to treat his depression he would not have a job when he returned. MITCHEL failed to give MORRISON an opportunity to discuss the required duration of the requested leave or the timing of the requested leave.

40.    On or about November 18, 1999, MORRISON returned to work from his vacation.

41.    On or about March 1, 2000, MORRISON met with MITCHEL in MITCHEL's office. At that time, MITCHEL tried to convince MORRISON to resign from AMWAY, RDV and/or MAGIC CARPET because of patently pretextual reasons.

42.    On or about March 3, 2000, MORRISON delivered a letter to MITCHEL. In that letter, MORRISON, for the third time, requested a reasonable leave of absence to deal with his depression. MORRISON gave as much notice for the requested leave as was practicable under the facts and circumstances of his case. MORRISON made a reasonable effort to schedule the leave so as not to disrupt the employer's operations. MORRISON gave written notice, by the March 3, 2000, letter, sufficient to make the employer aware the he needed FMLA leave. AMWAY, RDV, and/or MAGIC CARPET, and MITCHEL utterly failed to inquire further of MORRISON for more information about whether MORRISON was seeking FMLA leave, and about the necessary details of the

requested leave. A true and correct copy of the March 3, 2000, letter is attached hereto and incorporated herein as Exhibit "D."

43.     Instead of even considering granting MORRISON a leave of absence, AMWAY, RDV, and/or MAGIC CARPET, and MITCHEL terminated him by letter dated March 24, 2000.  The letter cites patently pretextual reasons for MORRISON's termination. A true and correct copy of the March 24, 2000, letter is attached hereto and incorporated herein as Exhibit "E."

44.     AMWAY, RDV, and/or MAGIC CARPET, and MITCHEL's failure to grant a reasonable leave of absence and pretextual termination of MORRISON drastically exacerbated the effects of MORRISON's depression.

45.     AMWAY, RDV, MAGIC CARPET and MITCHEL terminated MORRISON in retaliation for his exercising his rights under the Family and Medical Leave Act.

46.     Additionally, AMWAY, RDV, MAGIC CARPET and MITCHEL's outright refusal to grant and their callous refusal to even considering granting a leave of absence amount to a patent interference with MORRISON's rights under the Family and Medical Leave Act of 1993.

47.     As a proximate result of the Defendants' clear violations of the Family and Medical Leave Act, MORRISON has suffered damages.  Such damages include, but are not limited to, lost wages, salary, employment benefits, front pay and/or other compensation.

WHEREFORE, MORRISON respectfully requests that this Court enter judgment against AMWAY, RDV, MAGIC CARPET, and MITCHEL for compensatory damages,

special damages, liquidated damages, equitable relief, front pay, back pay, costs,

interest, attorneys' fees, and such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

MORRISON hereby demands a trial by jury of all issues so triable.

Dated this 22nd day of June, 2001.

DAVID H. SIMMONS – TRIAL COUNSEL
FLORIDA BAR NO.:  240745
DANIEL J. O'MALLEY – TRIAL COUNSEL
FLORIDA BAR NO.:  0124450
DRAGE, deBEAUBIEN, KNIGHT,
  SIMMONS, MANTZARIS & NEAL, LLP
332 NORTH MAGNOLIA AVENUE
P.O. BOX 87
ORLANDO, FLORIDA  32802
ATTORNEYS FOR PLAINTIFF



Amway Corporation
7675 Fulton St E., Ada MI 49355-0001

# Employee
# Identification
# Card

## David
Morrison



Health Plan:  YES       ID:261936261



EXHIBIT A



# ORLANDO MAGIC/RDV SPORTS STAFF DIRECTORY



## A Member of the RDV Sports Family

RDV Sportsplex • Two Magic Place • 8701 Maitland Summit Boulevard • Orlando, Florida 32810
Phone: (407) 916-2400, Main Fax: (407) 916-2810

Chairman.................................................................................................Rich DeVos
Executive Vice Chairman ..............................................................Cheri Vander Weide
Vice Chairmen ................................................Dan DeVos, Dick DeVos, Doug DeVos
President ..........................................................................................Bob Vander Weide
Senior Executive Vice President......................................................Pat Williams
General Manager...............................................................................John Gabriel
Executive Vice President ..................................................................Julius Erving
Executive Vice President of Sales......................................................Jack Swope
Executive Vice President of Marketing ...............................................Cari Coats
Head Coach.......................................................................................Chuck Daly
Assistant Coaches .............................Brendan Suhr, Tree Rollins, Tom Sterner, Eric Musselman
Athletic Trainer ..................................................................................Tim Walsh
Strength & Conditioning Coach ..........................................................Mick Smith
Equipment Manager/Travel Coordinator...............................................Rodney Powell
Video/Scouting Coordinator...............................................................Stephen Giles
Senior Director of Finance/Administration.............................................Scott Herring
Director of Box Office Operations......................................................Ashleigh Bizzelle
Director of Player Personnel..............................................................Gary Brokaw
Director of Community Relations .......................................................Valerie Collins
Director of Marketing ......................................................................Chris D'Orso
Director of Sportsplex Operations ......................................................Karl Droppers
Director of Finance..........................................................................Jim Fritz
Director of Human Resources ...........................................................Lorisse Garcia
Director of Sponsorship Sales............................................................John Payne
Director of Ticket Sales ...................................................................Steve Swetoha
Director of Team Media Relations.......................................................Joel Glass
Assistant Director of Creative Services ...............................................Carol Beeler
Assistant Director of Broadcast Production ...........................................Kevin Cosgrove
Assistant Director of Sponsorship Sales...............................................Brian Crews
Assistant Director/Foundations Administrator .......................................Lisa Fehr
Assistant Director of Team Marketing .................................................Kelly Lafferman
Assistant Director of Strategic Planning...............................................Adam Lippard
Assistant Director of Administration ...................................................Colleen Sharkey
Manager of RDV Sportsplex Communications/Government Relations ...........Michelle Andres
Camp Manager................................................................................Rick Crawford
Radio Broadcast Manager.................................................................Kati Ennis
Sales Division Business Manager .......................................................Charlie Freeman
Payroll Manager ..............................................................................Peg Michalski
Corporate Services Manager..............................................................Lori Poston
Family Executive Services Manager ...................................................Cynthia Smith
Senior Corporate Account Manager ...................................................Jill Hamilton
Corporate Account Managers ..........................Shawn Canada, Hunter Herring, Derek Houston,
                                                           Ritch Shamey, Cameron Scholvin
Senior Box Office Representatives ....Cathy Deiter, Bill Mauger, Paul Moletteire, Joe Whitehurst
Ticket Sales Representatives ..............................................Craig Cox, Tiffany Walker
Junior Magic Coordinator .................................................................Tom Bieri
Promotions Coordinator ...................................................................Matt Biggers
Shipping & Receiving Coordinator......................................................Leslie Boucher
Accounts Receivable Coordinator .......................................................Michele Butler
Community Relations Coordinator ......................................................Kelly Conrad
Production Coordinator.....................................................................Jil Gossard
Corporate Communications Coordinator...............................................Trish Knowles
Human Resources Coordinator ..........................................................Jessica Long
Talent Network Coordinator ..............................................................Kirstin Mason
Creative Services Coordinator ...........................................................Lisa Merrick

## ORLANDO MAGIC STAFF DIRECTORY (continued)

Accounts Payable Coordinator ........................................................................Leslie Monahan
Administration Coordinator.................................................................................Page Willner
Senior Corporate Services Coordinator ..........................................................Kelly Winzig
Corporate Services Coodinators.............................................................Ben Grauer, Dan Kahn
Payroll Coordinator ...........................................................................................Harriet Rubin
Senior Administrative Assistant for Finance ....................................................Leslie Trobaugh
Human Resources Administrative Assistant ..................................................Melinda Ethington
Ticket Sales Administrative Assistant...................................................................Kelly Grose
Coaching Staff Administrative Assistant........................................................Annemarie Loflin
Broadcasting Administrative Assistant ................................................................Monica Farraj
Box Office Administrative Assistant ..................................................................Sylvia Pagan
Sponsorship Sales Administrative Assistant........................................................Erika Rossi
Staff Accountant .................................................................................................Jeff Bissey
Graphic Designer .......................................................................................David Brotherton
Information Systems Administrator ................................................................Tracy Clayton
Quality/Customer Service Specialist .................................................................Jamey Lutz
Database Administrator/Programmer...............................................................Glen Newcomb
Chief Engineer ..................................................................................................Jack McCabe
Senior Producer .............................................................................................Tye Eastham
Feature Producer ......................................................................................Andrew Monaco
Editor/Videographers ...............................................................Derek Fuchs, Rick Price
Executive Assistant to General Manager ......................................................Monica Bernhardt
Executive Assistant to President........................................................................Sue Dafoe
Executive Assistant to Vice President of Marketing............................................Athena Hadden
Executive Assistant to Executive Vice President.................................................Valerie Small
Scouting Assistant ...........................................................................................Ellis Dawson
Marketing Assistant..................................................................................Carmen Smallwood
Receptionist .................................................................................................Peggy Morrison
Magic Dancers Choreographer .................................................................Jen Clary-Bates
Magic Dancers Coordinator ..............................................................................Jeanine Klem
Talent Network Representative .........................................................................Curly Neal
Talent Network Representative ......................................................................Rob Olivares
Broadcasters ........................................Jack Givens, Dennis Neumann, David Steele, Jeff Turner
Scouts.......................................................................Sam Foggin, Rex Hughes, Tom Jorgensen
Team Physician...................James Barnett, MD, Jewett Orthopaedic Clinic, PA Team Physicians

### RDV Sportsplex Operations

Magic Athletic Club (MAC) Operations Manager .....................................................Matt Carlen
M.A.C. Fitness & Rehab. Manager........................................................................Ed Dullmeyer
Program Manager ..............................................................................................Ellen Duplatre
Human Resources Manager ...............................................................................Beckie Findlay
Retail Manager ....................................................................................................Duane Keilbach
Marketing Manager ........................................................................................Debby Kwasman
Tennis Center Manager ....................................................................................Derek Markey
M.A.C. Sales Manager ...........................................................................................Donna Morris
Business Manager ..............................................................................................Pete Opresko
Facility Manager ...............................................................................................Fran Silvernell
Membership Services Manager .........................................................................Rachel VanWinkle

### FanAttic/Retail Sales Staff

Assistant Director of Accounting..............................................................................Mark Hope
Assistant Director of Retail Sales .......................................................................James Winzig
Downtown Store Manager....................................................................................Rennie Tarver
FanAttic Store Manager........................................................................................Shawn Young
Shipping & Receiving Coordinator ...........................................................................Mike Finn
Accounts Payable Coordinator ..........................................................................Shannon Young
Arena Novelty Supervisor .......................................................................................Ryan Hunt

### Magic Carpet Aviation, Inc.

Director of Aviation................................................................................................Harry Mitchel
Aviation Coordinator.............................................................................................Betty Serapin
Pilots............................................................Jim Fisher, Jim Hinchman, Dave Morrison
Mechanics......................................................................Larry Bennett, Dave Thomason
Full-Time Flight Attendants.............................................Missy Conroy, Michele Scarpa

11

Harry,

First and foremost, I would like to make it very clear that I will do anything that is necessary, within my power, to keep my position as pilot with Magic Carpet Aviation. I have made it clear from the beginning that I would like to eventually retire with this company, and still hold that feeling today.

Certain conflicts have recently become apparent to me that I had not been conscience of before. Not the least of which seems to be an overall degradation in my attitude toward my job. Let me say that, in my heart, I am still as enthusiastic and goal oriented, as I was when I started here in December 1996. But, as the saying goes, "the body might be willing but the mind is not." I believe that much of this might be attributed to conflicts that have arisen within my personal life. For this, I have already committed to both personal and professional help.

As for the recent job related performance issue, I have no excuse, nor do I seek one. As a professional, I have only myself to blame.

In order for me to remedy these situations I humbly ask that you grant me the following requests;

First, I would like to take my accumulated vacation time, effective immediately, and in its entirety.

Second, at the end of this vacation time, I would like to have the opportunity to re evaluate the situation with you, and "the Jims" to determine if more personal time might be necessary, or another course might need to be taken.

Third, when it is determined that these personal issues no longer exist, I would like a simulator "warm-up" period (about 2 hours), followed by a company, or FAA check ride.

My fourth request is that after having successfully completed this simulator evaluation, I am granted the opportunity to have an aircraft "warm up" followed by an aircraft proficiency ride.

And lastly, I ask that you provide me with the continued faith and support that I have enjoyed from this company and its employees throughout my tenure here.

As is ingrained in the pilot's psyche, these requests for help do not come easily to me. By my just admitting that there are problems, and seeking help for these problems, I hope to show my dedication to my position here at Magic Carpet Aviation.

Please let me reiterate that I am fully committed to doing ANYTHING and · EVERYTHING that is deemed necessary to keep my position here, and the respect that goes along with it.



EXHIBIT C

Sincerely,


Dave Morrison

March 3, 2000

***Via Hand Delivery***
Harry Mitchel
Magic Carpet Aviation, Inc.
4225 Execuair Street
Orlando, Florida

      Re:  David Morrison/Employment

Dear Harry:

      I am writing this letter to advise you that I have done nothing wrong relating to my employment with Magic Carpet Aviation.  As I understand our conversation, someone undisclosed employee of the company found pictures of my wife on the laptop computer I was using.  As you are well aware, I am entitled by the company's express authorization to me to keep personal files on this laptop computer.  These pictures of my wife were pictures that were for my personal use and both she and I consider it a gross invasion of our privacy for you or anyone in the company to have even looked for or at these pictures.  It was a gross violation of my rights as an employee and my wife's rights as a person.

      Additionally, it is clear to me that the company's conduct in attempting to terminate me results from the company's failure to abide by its own policies and procedures.  I have done nothing that constitutes a violation of my employment agreement and there is no cause to terminate me.

      Finally, it is clear to me that the company's efforts to terminate me are not really based upon any violation of my employment agreement, but are a cover for the real reason for the company's actions: my depression problems.  I have explained to you my prior depression problems and I request that I be given a leave of absence due to my disability, with full disability pay.

      I welcome the opportunity to discuss this matter with you or other representatives of the company in order to avoid the consequences of your improperly attempting to terminate me.

                    Sincerely yours,

                    David Morrison

# EXHIBIT D



**Magic Carpet Aviation Inc.**

| 4225 Execuair Street | Orlando, Florida 32827 |
|---|---|
| Telephone (407) 859-9393 | Fax: (407) 859-7186 |

March 24, 2000

David L. Morrison
1000 Steeple Chase Circle
Malabar, FL   32950

Dear Dave,

After careful review and consideration, we have decided to terminate your employment with Magic Carpet Aviation for violation of company policy and unsatisfactory performance.

Sincerely,

Ron Schut
HR Consultant

Harry Mitchel
Manager
Magic Carpet Aviation

EXHIBIT ___*E*___